575 F.Supp. 1264 (1984)
Leroy CROFFUT, Plaintiff,
v.
UNITED PARCEL SERVICE, INC., Defendant.
No. 83-2447C(1).
United States District Court, E.D. Missouri, E.D.
January 5, 1984.
*1265 Michael J. Hoare, Chackes & Hoare, St. Louis, Mo., for plaintiff.
David W. Welch, Moller, Talent, Kuelthau & Welch, St. Louis, Mo., for defendant.

ORDER AND MEMORANDUM
NANGLE, Chief Judge.
IT IS HEREBY ORDERED that defendant's motion for summary judgment be and is denied. Defendant asserts that plaintiff's complaint, Count I of which states a claim for relief under Title VII, 42 U.S.C. § 2000e et seq., was not filed within ninety (90) days after he received notice of his right to sue from the EEOC. The ninety-day period is mandated by 42 U.S.C. § 2000e-5(f)(1). By way of affidavit, plaintiff states that his wife signed for the letter from the EEOC on July 21, 1983. However, plaintiff states that his wife had an accident that same day and went into the hospital on July 22, 1983. Plaintiff further states that his wife never gave him the letter, and that he found it for the first time in his wife's purse at her hospital room on July 24, 1983. Plaintiff's assertions are supported by the affidavits of two alleged witnesses to the hospital room incident. Plaintiff's complaint was not filed until October 20, 1983. If July 21, 1983, is the starting date, then plaintiff's complaint was one day late, but if July 24, 1983, is the starting date, then the complaint was timely filed.
In Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that the timely filing of a charge with the EEOC is not a jurisdictional prerequisite to suit in a federal court under Title VII. Subsequently, several courts extended Zipes to the statutory filing period of 42 U.S.C. § 2000e-5(f)(1). See Pinkard v. Pullman-Standard, 678 F.2d 1211, 1215-16 (5th Cir. 1982); Gordon v. National Youth Work Alliance, 675 F.2d 356, 360 (D.C.Cir.1982). Under these decisions, the ninety-day filing period is more akin to a statute of limitations and is subject to waiver, estoppel, and equitable tolling. See also Thomas v. KATV, Channel 7, 692 F.2d 548, 549-50 n. 2 (8th Cir.1982). This Court need not decide whether Zipes should be so extended, however, because it is the opinion of this Court that plaintiff's affidavits raise a genuine issue of fact, thus precluding summary *1266 judgment, and that if the facts asserted by plaintiff's affidavits are true, then his complaint was timely filed.
Summary judgment is appropriate only where the movant is able to demonstrate that there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). Plaintiff's affidavit raises an issue of fact as to whether plaintiff actually received notice of his right to sue prior to July 24, 1983. Plaintiff did not personally acknowledge receipt of his notice and, therefore, the ninety-day period did not begin to run until plaintiff actually, rather than constructively, received the notice. See Archie v. Chicago Truck Drivers, 585 F.2d 210 (7th Cir. 1978) (period did not begin to run when plaintiff's wife signed for notice); Scarlett v. Seaboard Coastline R.R. Co., 27 FEP 624 (S.D.Ga.1977) (same). See also Fletcher v. Royston, 30 FEP 286 (D.D.C.1982) (period did not begin to run when notice delivered to plaintiff's father-in-law); Killingham v. Board of Governors, 549 F.Supp. 225 (N.D.Ill.1982) (period did not begin to run when plaintiff's mother received notice).
IT IS FURTHER ORDERED that defendant be and is granted leave to file, within twenty-one (21) days of the date of this order, a request for a hearing to determine whether plaintiff did not actually receive his notice of right to sue until July 24, 1983. There is no indication that defendant challenges the facts asserted by plaintiff's affidavits. If defendant does challenge those facts, then a hearing should be held prior to trial to determine whether the complaint was timely filed.