869 F.2d 1122
 49 Fair Empl.Prac.Cas. 493,
49 Empl. Prac. Dec. P 38,806
Jill E. HILL, Appellant,
v.
JOHN CHEZIK IMPORTS d/b/a John Chezik Honda; Dean Thanas
a/k/a Dean Thanasaurus, Appellees.
 No. 88-2072.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 13, 1988.
Decided March 13, 1989.
 
 Margaret T. Donnelly, St. Louis, Mo., for appellant.
 Louis Gilden, St. Louis, Mo., for Dean Thanas.
 Diana K. Wieland, Chesterfield, Mo., for John Chezik Imports.
 Before McMILLIAN and BEAM, Circuit Judges, and WHIPPLE,* District Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 Jill E. Hill appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri dismissing her Title VII Civil Rights action because she failed to timely file her complaint pursuant to the requirements of 42 U.S.C. Sec. 2000e-5(f)(1). For reversal, Hill argues that the district court erred in refusing to equitably toll the statutory ninety-day limitation period for bringing suit which is triggered by the Equal Opportunity Employment Commission's (EEOC) issuance of a Notice of Right to Sue (right to sue letter). For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 From April 1985 through June 1986 Hill worked as a clerk for John Chezik Imports, whose general manager was Dean Thanas (collectively appellees). In her complaint Hill alleged that Thanas sexually harassed her and finally discharged her after she refused his sexual advances.
 
 
 3
 On June 3, 1986, Hill filed a charge of sexual discrimination with the EEOC. Hill was represented by an attorney throughout the agency proceedings. In a Notice Regarding Representation of Charging Party by Attorneys issued to Hill in June 1986, the EEOC informed Hill that it would send copies of correspondence to her attorney as well as to her.
 
 
 4
 On August 25, 1987, the EEOC sent by certified mail a right to sue letter to the address provided by Hill. The letter was accepted on September 2, 1987. In the meantime, however, Hill had moved, failing to inform the EEOC of her new address. She never received the August 25th letter, and no copy was sent to her attorney.
 
 
 5
 On September 17, 1987, Hill wrote to the EEOC requesting a right to sue letter. By letter dated September 24, 1987, (received by Hill in early October), the EEOC informed Hill that it had already sent the right to sue letter on August 25, 1987.
 
 
 6
 Hill retained a new attorney who went to the EEOC in early December 1987 and copied the right to sue letter. The suit was subsequently filed on December 16, 1987, approximately 83 days after Hill had received actual notice of her right to sue, but 105 days after Hill had received constructive notice by the letter sent to her old address on August 25, 1987, and accepted on September 2, 1987. On June 16, 1988, the district court dismissed Hill's complaint as untimely.
 
 Jurisdictional Requirement
 
 7
 Hill argues that the ninety-day limitation period of 42 U.S.C. Sec. 2000e-5(f)(1) is not jurisdictional and is therefore subject to equitable tolling. We agree. In Zipes v. Trans World Airline, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (Zipes ), the Court considered whether the statutory time limit for filing charges with the EEOC under Title VII is a jurisdictional prerequisite to federal suit. Zipes held that the time limit is not jurisdictional in nature and that, like a statute of limitations, the requirement is subject to equitable tolling in appropriate cases. Id. at 393, 102 S.Ct. at 1132.
 
 
 8
 Several circuits have applied the reasoning of Zipes to hold that the ninety-day time requirement of 42 U.S.C. Sec. 2000e-5(f)(1) is also subject to equitable tolling. See, e.g., Espinoza v. Missouri Pacific R.R. Co., 754 F.2d 1247, 1250 (5th Cir.1985); Jones v. Madison Service Corp., 744 F.2d 1309, 1314 (7th Cir.1984); Rice v. New England College, 676 F.2d 9, 10 (1st Cir.1982); Gordon v. National Youth Work Alliance, 675 F.2d 356, 360 (D.C.Cir.1982). We hold that the ninety-day limitation period of 42 U.S.C. Sec. 2000e-5(f)(1) is not a jurisdictional prerequisite to federal suit and is, therefore, subject to equitable tolling in appropriate circumstances.
 
 Equitable Tolling
 
 9
 Hill argues that the ninety-day limitation period should be equitably tolled to allow her to file her Title VII claim in federal district court because neither she nor her attorney received the August 24, 1987, right to sue letter from the EEOC. Appellees argue that equitable tolling is not appropriate in this case because Hill failed to notify the EEOC of her new address when she moved in May 1987. We agree.
 
 
 10
 Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff.[2] Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC. In the instant case, Hill could easily have informed the EEOC of her new address. See, St. Louis v. Alverno College, 744 F.2d 1314 (7th Cir.1984). The fact that Hill relied on the EEOC to send copies of correspondence to her attorney does not distinguish her case. Moreover, when Hill actually learned in early October that the right to sue letter had already been sent, she still had ample time to file her suit. The facts in this case do not compel the equitable tolling of the ninety-day limitation period.
 
 
 11
 Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri, sitting by designation
 
 
 [1]
 The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri
 
 
 [2]
 The Supreme Court has held that equitable tolling is justified where the notice from the EEOC is inadequate, where motion for appointment of counsel is pending, where the court has led the plaintiff to believe all statutory requirements for bringing a suit have been satisfied, or where the defendant's conduct lulls the plaintiff into inaction. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984) (per curiam) (citations omitted); see also Franks v. Bowman Transportation Co., 495 F.2d 398 (5th Cir.1974), (claimant's nine-year-old nephew signed the postal receipt for the notice but lost it); rev'd on other grounds, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); Croffut v. United Parcel Serv., Inc., 575 F.Supp. 1264 (E.D.Mo.1984) (plaintiff's wife signed for notice letter, but plaintiff did not see the letter for several days because his wife had an accident the same day)