An appropriate order will accompany this memorandum and order.

IT IS HEREBY ORDERED that the petitioner's motion to hold these proceedings in abeyance is DENIED as moot.

IT IS FURTHER ORDERED that his motion for funds for investigative and expert services is DENIED.

**Regina J. NIX, Plaintiff,**

v.

**The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES and Waymon Stewart, Defendants.**

**No. 90–1910C(6).**

United States District Court, E.D. Missouri, E.D.

May 3, 1991.

---

9. This plea, however, was dropped by the petitioner before the end of the trial.

Mary Ann Weems, Sestric Korum & Weems, St. Louis, Mo., for plaintiff.

Mary Murphy, Ziercher & Hocker, St. Louis, Mo., Michael Winn Brody, Law Office of Norman L. Tolle, New York City, for defendants.

## MEMORANDUM OPINION

GUNN, District Judge.

The parties appeared before this Court on May 3, 1991 for a hearing on the single issue of whether plaintiff timely filed this action pursuant to Title VII, 42 U.S.C. § 2000e et seq. Both sides presented testimony and evidence to the Court. Based on such, the Court renders the following findings and conclusions.

This Court finds that the evidence overwhelmingly points to receipt by the plaintiff of her notice of the right to sue on July 3, 1990. Although plaintiff denies receiving the notice on that date, and claims that she did not receive it until July 10, 1990, the physical evidence mandates a contrary conclusion. Defendants produced a return receipt signed by the plaintiff which had been stamp-dated July 3, 1990. Furthermore, defendants presented an additional non-disclosure form signed by plaintiff, which was also dated July 3, 1990, albeit not by plaintiff. The evidence was additionally supported by the testimony of two EEOC employees who dealt with the plaintiff. They testified that the plaintiff received the right to sue notice on the same date as she signed the return receipt and the non-disclosure form, and that those documents were dated by those employees on that same date. Plaintiff presented no evidence that the date on the documents was a mistake or was· falsified, and the EEOC employees agreed that they had no interest in the outcome of the plaintiff's action against the defendants.

Given this Court's finding, plaintiff's present complaint pursuant to Title VII is time-barred. The statute clearly provides that a legal action pursuant to Title VII must be filed within ninety days of the receipt of the right to sue notice from the EEOC. 42 U.S.C. § 2000e–5(f)(1). Although that time period is not jurisdictional, plaintiff does not claim the occurrence of any of the circumstances which would support equitable tolling of the time period by this Court. *See Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir.1989). Therefore, plaintiff's complaint against the defendants must be dismissed as time-barred.