4 F.3d 691
 Carlo NICCOLAI, Appellant,
v.
U.S. BUREAU OF PRISONS, DIRECTOR; U.S. Bureau of Prisons,
Warden, FCI, Otisville, New York; U.S. Bureau of Prisons,
Warden, MCC, New York, New York; U.S. Bureau of Prisons,
Warden, FCI, Occoquan, Virginia, Appellees.
 No. 92-3021.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 8, 1993.
Decided Sept. 15, 1993.
 
 Appellant, pro se.
 Alleen S. Castellani, Kansas City, MO, argued (Michael A. Jones and Alleen S. Castellani, on the brief), for appellees.
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Carlo Niccolai, a federal inmate, appeals from the final order entered in the United States District Court for the Western District of Missouri dismissing under 28 U.S.C. Sec. 1915(d) his claims to recover lost personal property, including a dental bridge. For the reasons discussed below, we affirm in part, and reverse and remand in part.
 
 
 2
 On October 22, 1991, Niccolai filed an administrative complaint under the Federal Tort Claims Act (FTCA) with the Bureau of Prisons (BOP) for damages from the loss of his personal property. Niccolai asserted that his property was not transferred to state prison from Metropolitan Correctional Center (MCC) in New York, a federal institution, in March 1989. His attempts to obtain a federal administrative claim form from the BOP while he was in state prison were unsuccessful. When he returned to federal custody in July 1991, he was still unable to recover his property and, despite his requests, he was not given an administrative claim form until October 1991. The BOP regional counsel rejected Niccolai's administrative claim because it was untimely filed.
 
 
 3
 On December 23, 1991, Niccolai filed a Bivens[1] action against the BOP Director and wardens of three federal penitentiaries, asserting that defendants denied him due process in failing to turn over his property and in rejecting his tort claim when he made every attempt to file timely. Niccolai sought compensatory and punitive damages.
 
 
 4
 On January 9, 1992, Niccolai filed a second Bivens complaint, claiming the BOP denied him due process and violated his Eighth Amendment rights when they failed to return to him his dental bridge. Niccolai asserted that he received a temporary bridge while at the state prison, but that the federal institution had failed to return his original dental bridge.
 
 
 5
 Construing the consolidated complaints as arising under the FTCA, the magistrate judge ordered the government to show cause why leave to proceed in forma pauperis should not be granted. The government responded that Niccolai did not file an administrative claim relating to his dental bridge and that both claims should be dismissed because they were barred by the two-year statute of limitations. See 28 U.S.C. Secs. 2401(b), 2675 (1988). Niccolai responded that the statute of limitations should be tolled because he would have filed timely had the BOP supplied him with the proper forms.
 
 
 6
 The magistrate judge recommended dismissal of Niccolai's "habeas petition." The magistrate judge concluded that Niccolai's claim accrued at the latest on September 29, 1989, when the warden notified Niccolai that his property was lost. Thus, the magistrate judge recommended dismissal of Niccolai's claim regarding the loss of the dental bridge for failure to exhaust administrative remedies under the FTCA and dismissal of his other claim as barred under the statute of limitations. The district court, adopting the magistrate judge's report, dismissed the action with prejudice under 28 U.S.C. Sec. 1915(d).
 
 
 7
 On appeal Niccolai asserts that he was in transit between July and October 1991, he was told to wait until he reached his final destination to get a tort claim form, and he immediately filed the proper claim when he arrived at the Medical Center for Federal Prisoners in Springfield, Missouri, on October 1, 1991. The government acknowledges that, because the action was dismissed under section 1915(d), a remand may be required to determine the equitable tolling issue. The government also notes that the judgment erroneously refers to the case as a habeas corpus petition and should be corrected.
 
 
 8
 We agree with the district court that Niccolai's complaints should be construed as claims under the FTCA because there is not an arguable basis in law or fact that Niccolai's constitutional rights have been violated. Because Niccolai did not file an administrative claim at all regarding his lost dental bridge, we agree with the district court that this claim should be dismissed for failure to exhaust administrative remedies. See 28 U.S.C. Sec. 2675 (1988).
 
 
 9
 The question remaining is whether Niccolai has shown a basis in law or fact for equitable tolling under the FTCA for claims regarding his lost property. In this circuit, the statute of limitations in suits against the government may be equitably tolled in appropriate circumstances. See Arigo v. United States, 980 F.2d 1159, 1161 (8th Cir.1992) (FTCA case); Schmidt v. United States, 933 F.2d 639, 640 (8th Cir.1991). We have generally reserved application of equitable tolling for circumstances which were truly beyond control of the plaintiff or for conduct of the defendant that lulled the plaintiff into inaction. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725-26, 80 L.Ed.2d 196 (1984) (per curiam); Hill v. John Chezik Imports, 869 F.2d 1122, 1124 & n. 2 (8th Cir.1989). Because the district court has not addressed the equitable tolling issue and because we conclude Niccolai has shown at least an arguable basis in law and fact to proceed with his claim, see Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989), we remand the property claim to the district court to grant Niccolai in forma pauperis status and to conduct further proceedings consistent with this opinion.[2]
 
 
 10
 Accordingly, we affirm the judgment of the district court in part, and reverse and remand in part. We also correct the judgment to reflect that this action arises under the FTCA and is not a "petition for writs of habeas corpus."
 
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 
 
 [2]
 We express no opinion as to when the statute of limitations began to run. If the statute of limitations ran before the occurrence of any acts that could have made out a case of equitable estoppel, then, of course, that is the end of the matter. We leave to the district court the resolution of these matters