895 F.Supp. 254 (1995)
Fred C. MUTH, Plaintiff,
v.
COBRO CORPORATION, Defendant.
No. 4:94CV1956SNL.
United States District Court, E.D. Missouri, Eastern Division.
August 11, 1995.
*255 Lee W. Barron, Lakin Law Firm, Wood River, IL, for plaintiff.
Richard H. Ulrich, Summers and Compton, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
On October 6, 1994 plaintiff filed a complaint alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et. seq. and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et. seq. On December 5, 1994 defendant filed a motion to dismiss alleging that the complaint was time-barred because it had been filed more than ninety (90) days after receipt of a February 1994 "Right-to-Sue" letter from the EEOC. (# 4). In lieu of responding to the motion, plaintiff requested leave to file an amended complaint curing the jurisdictional defects averred by the defendant in its motion to dismiss. (# 7), filed January 17, 1995. On February 2, 1995 this Court granted plaintiff leave to amend his complaint, noting that his original complaint was completely void of any reference to the receipt of any "Right-To-Sue" letter prior to filing his judicial complaint. On February 2, 1994 plaintiff filed his amended complaint which adds state law claims of violations of the Missouri Human Rights Act (MHRA), § 213.010 et. seq. However, plaintiff only refers to receipt of a "Right-to-Sue" letter from the Missouri Commission on Human Rights (MCHR) in July 1994.
On January 30, 1995 defendant filed its renewed motion to dismiss (# 8) reaffirming the basis for its original motion; i.e. plaintiff's complaint is time-barred because it was filed more than ninety (90) days after receipt of the EEOC's February 1994 "Right-to-Sue" letter. Responsive pleadings have been filed. Consequently, this matter is before the Court on the defendant's motion to dismiss (# 4) and renewed motion to dismiss (# 8).
Defendant contends that Title VII's ninety (90) day time-period to file a judicial complaint following receipt of the EEOC's "Right-to-Sue" letter is applicable to plaintiff's ADA claim. It further contends that this limitations period is jurisdictional. Defendant finally contends that amended § 626(e) of the ADEA imposes a ninety (90) days time-period analogous to Title VII's filing deadline; and it too is jurisdictional. Plaintiff concedes the application of Title VII's ninety (90) day filing time-period to his ADA claim, but asserts that this filing limitation is not applicable to the ADEA. He further contends that since he filed his complaint within ninety (90) days of receipt of the MCHR's "Right-to-Sue" letter he has established federal jurisdiction.

Americans with Disabilities Act (ADA)
The procedures of Title VII, specifically § 2000e-5, are applicable to actions brought under the ADA. 42 U.S.C. § 12117(a). Given this fact, this Court sees no reason why the established caselaw governing § 2000e-5 is not equally applicable to the ADA. The ninety (90) day limitation period of Title VII, 42 U.S.C. § 2000e-5(f)(1) is not a jurisdictional prerequisite to federal suit and is subject to equitable tolling in appropriate circumstances. Hill v. John Chezik Imports, 869 F.2d. 1122, 1124 (8th Cir.1989); Nix v. Equitable Life Assurance Society of United States, 762 F.Supp. 862, 863 (E.D.Mo.1991). Courts have generally reserved the remedy of equitable tolling for circumstances that were truly beyond the control of the plaintiff. Hill v. John Chezik Imports, at 1124. The Supreme Court has held that equitable tolling is justified where the notice from the EEOC is inadequate, where a motion for appointment of counsel is pending, where a court has led the plaintiff to believe all statutory requirements for bringing a suit have been satisfied, or where the defendant's conduct lulls the plaintiff into inaction. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984) (per curiam) (citations omitted).
*256 In the instant matter plaintiff has not presented the Court with any recognized justification to equitably toll the limitations period. Plaintiff simply states that he believes that "the parallel state proceedings are an alternative method of meeting the timeliness requirement." Plaintiff's Response to Defendant's Renewed Motion to Dismiss, pg. 1. Plaintiff admits that there is no caselaw to support his argument. However, he opines that by virtue of Missouri's "sharing agreement" with the EEOC[1], the ninety (90) day limitation runs equally from either the EEOC or the MCHR "Right-to-Sue" letter; thus, since he filed suit in federal court within 90 days of receipt of his MCHR "Right-to-Sue" letter, his cause of action is timely.
The Court finds plaintiff's argument meritless. There is no legal basis for establishing federal jurisdiction on a state statute of limitations where an applicable federal statute of limitations exists. Neither Title VII nor the ADA provide for federal jurisdiction based upon a state "Right-to-Sue" letter. § 2000e-5(f)(1) explicitly states that the 90 days limitation period runs from receipt of the EEOC "Right-to-Sue" letter only, not from a letter received by the EEOC or any applicable state agency. Since plaintiff fails to cite any caselaw or federal statutory authority for conferring jurisdiction on his federal claims based upon receipt of a state "Right-to-Sue" letter, this Court is not inclined to do so.

Age Discrimination in Employment Act (ADEA)
Plaintiff contends that the ADEA does not have a ninety (90) day judicial filing period similar to Title VII. He further claims that the back side of the EEOC "Right-to-Sue" letter expressly limits the 90 days limitation period to Title VII and the ADA because elsewhere it states that an ADEA cause of action accrues upon filing the EEOC charge subject to a 60-day waiting period. Plaintiff argues that to apply a 90-days limitation period would require a plaintiff to file suit within 90 days of filing an EEOC charge or only thirty (30) days after receipt of the "Right-to-Sue" letter. Plaintiff is grossly mistaken in his interpretation and application of the limitations period applicable to an ADEA claim.
The ADEA was amended effective November 21, 1991 by the Civil Rights Act of 1991.[2] The relevant statute of limitations for ADEA actions is set forth in 29 U.S.C. § 626(d) and (e) which provide in pertinent part:
No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.
§ 626(d).
If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of receipt of such notice.
§ 626(e).
In the present case, the parties do not dispute the fact that plaintiff received his "Right-to-Sue" letter from the EEOC on or about February 2, 1994 and that he filed his original complaint with this Court on October 6, 1994, more than eight (8) months later.
The majority of the courts that have considered amended § 626(e) have reviewed extensively the legislative history of amended § 626(e) and concluded that failure of a plaintiff to file a civil action within 90 days of receipt of the EEOC's "Right-to-Sue" letter renders the plaintiff's action untimely. Sperling v. Hoffmann-La Roche, 24 F.3d 463, 464 *257 (3rd Cir.1994); McCray v. Corry Mfg. Co., 872 F.Supp. 209, 213-16 (W.D.Pa.1994); Weaver v. The Ault Corp., 859 F.Supp. 256, 258 (N.D.Tex.1993); Rich v. Zeneca, Inc., 845 F.Supp. 162, 167 (D.Del.1994); Adams v. Burlington N. R.R. Co., 838 F.Supp. 1461, 1467-68 (D.Kan.1993). This Court concurs with its fellow courts that the "purpose of the 1991 amendment to Section 626(e) was to create a ninety day window within which [p]laintiffs must file suit under ADEA or lose their right to do so." McCray v. Corry Mfg., at 215.
The plain reading of the language of § 626(d), coupled with the language of § 626(e), makes it clear that a claimant may commence a civil action at any time after 60 days from the time of filing an EEOC charge until the expiration of the 90 day period following the receipt of the EEOC's "Right-to-Sue" letter. Consequently, Muth could have filed this lawsuit from February 8, 1994 (60 days after filing his EEOC charge) up to and including May 3, 1994 (90 days after receipt of his EEOC "Right-to-Sue" letter).
Finally, it appears to be an open issue as to whether or not § 626(e) is jurisdictional. Assuming arguendo, that § 626(e) is analogous to § 2000e-5(f)(1) and therefore not jurisdictional; it too would be subject to equitable tolling. Again the Court finds that plaintiff has failed to demonstrate any circumstances beyond the control of the plaintiff which prevented him from filing his lawsuit in the prescribed time-period.
It is undisputed that plaintiff did not file his ADEA and ADA claims within 90 days of receipt of his EEOC "Right-to-Sue" letter. He has failed to demonstrate any legally justifiable reason for tolling the limitations period for either claim. Consequently, his federal claims are time-barred. In light of this, the Court declines to exercise its pendent jurisdiction over plaintiff's state claims.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to dismiss (# 4) and renewed motion to dismiss (# 8) be and are GRANTED. This cause of action is hereby DISMISSED with prejudice.
NOTES
[1] Missouri is a deferral state wherein a plaintiff who files a charge of discrimination with the EEOC automatically has his charge filed with the MCHR. Normally, the MCHR will "defer" to the EEOC to make the initial investigation into the charge and will await the decision of the EEOC before proceeding with its investigation as to the state claim of discrimination.
[2] Since both the alleged discriminatory act and the filing of the original complaint occurred after November 21, 1991, amended § 626(e) governs Muth's ADEA claim.