**Jacinda Ann BEGAY, Plaintiff,**

v.

**ST. JOSEPH'S INDIAN SCHOOL, a Nonprofit Organization, the Congregation of the Priests of the Sacred Heart, Inc., a South Dakota Corporation, Defendants.**

**No. CIV 95–3015.**

United States District Court,
D. South Dakota,
Central Division.

April 9, 1996.

Robin L. Zephier, Abourezk Law Office, P.C., Rapid City, SD, for plaintiff.

James L. Hoy, Hoy & Hoy, Sioux Falls, SD, for defendants.

## MEMORANDUM OPINION AND ORDER

KORNMANN, District Judge.

### BACKGROUND

Plaintiff alleges she was discriminated against on the basis of race by her former employer, defendant St. Joseph's Indian School. Plaintiff filed a charge with the United States Equal Employment Opportunity Commission (EEOC) on March 22, 1993. The District Director of the EEOC office in Denver, Colorado, issued a determination letter on February 5, 1995, finding that no violation of Title VII of the Civil Rights Act of 1964 had occurred and advising plaintiff of her right to sue. Plaintiff stated under oath, in her verified complaint and in her amended verified complaint, that she received the notice from the EEOC of her right to sue on or about February 24, 1995. Plaintiff confirmed this date by her answer to request for admission # 35. Plaintiff filed a verified complaint on May 26, 1995, claiming racial discrimination in violation of 42 U.S.C. § 2000e.

This matter is before the Court on defendants' motion for summary judgment. Defendants contend plaintiff failed to file her suit within the time prescribed by 42 U.S.C. § 2000e–5(f). Defendants also contend plaintiff failed to exhaust her administrative remedies regarding her state law claims.

## DISCUSSION

The Civil Rights Act of 1964, as amended, requires a civil action for discrimination to be brought within ninety days after the giving of notice by the EEOC of the right to sue. 42 U.S.C. § 2000e–5(f)(1). This provision has been construed liberally to require filing of the complaint within ninety days of the *receipt* of the right to sue letter. *Mosel v. Hills Department Store, Inc.,* 789 F.2d 251, 252 (3d Cir.1986); *Norris v. Florida Department of Health and Rehabilitative Services,* 730 F.2d 682, 682 (11th Cir.1984).

■ Plaintiff's verified complaint and her amended verified complaint both state she received the right to sue letter "on or about February 24, 1995." "Plaintiff's verified complaint is the equivalent of an affidavit for the purpose of summary judgment." *Watson v. Jones,* 980 F.2d 1165, 1166 (8th Cir.1992). Plaintiff further signed under oath an admission (# 35) that she received the letter on February 24, 1995. Pursuant to Fed.R.Civ.P. 36(b): "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." No motion to withdraw the admission has been made. Plaintiff filed her verified complaint on May 26, 1995, on the 91st day after receipt of the notice.

■ Plaintiff now contends in her affidavit in resistance to the motion for summary judgment that her stepfather was the person who actually signed for and received the right to sue letter from the EEOC. She claims she did not actually see the letter until "a few days later." The ninety day period under 42 U.S.C. § 2000e–5 begins to run upon receipt of a certified letter at plaintiff's residence. *Law v. Hercules, Inc.,* 713 F.2d 691, 692 (11th Cir.1983). Plaintiff does not deny the letter was received at her residence on February 24, 1995. Even though she now contends in response to the motion for summary judgment that she did not receive the letter that day, her admission and verified complaints are conclusive evidence of the fact that she did receive the notice on that date and defendants are entitled to rely on that evidence as a material fact which is not in dispute. Plaintiff is not to be permitted to now attempt to impeach her previous three sworn statements. Notwithstanding the foregoing, the Eighth Circuit has held that "the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." *Hill v. John Chezik Imports,* 869 F.2d 1122, 1124 (8th Cir.1989). Plaintiff admits the letter was received at her residence on February 24, 1995.

Plaintiff's first defense to the summary judgment motion is that her Title VII claims were timely filed by mailing the complaint on May 25, 1995. This assertion violates Fed. R.Civ.P. 11(b) which requires that the legal contention be warranted by existing law or by a nonfrivolous argument for the extension of existing law. Fed.R.Civ.P. 3 clearly provides that: "A civil action is commenced by filing a complaint with the court." There is no such thing as filing by mailing and plaintiff cites no authority for this proposition.

■ Plaintiff next asserts that Rule 6(e) afforded her three additional days in which to file her complaint because she received her right to sue letter by mail. Fed.R.Civ.P. 6(e) states that:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

This rule only applies when the time limitation begins to run upon the *service* of a notice. The ninety day limitations period commences, not upon service (by mailing) of the right to sue letter, but upon *receipt* of the letter. *Norris v. Florida,* 730 F.2d at 683; *Mosel v. Hills,* 789 F.2d at 253. The Court rejects plaintiff's contention she should be given an additional three days in which to file her complaint. Indeed, the United States Supreme Court suggested in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 1724 n. 1, 80 L.Ed.2d 196 (1984) that Rule 6(e) would create a presumption that the notice was received three days after it was mailed if the parties dispute the date on which the plaintiff re-

ceived the EEOC's right to sue letter. The notice was dated February 5, 1995. The postmark on the certified envelope was February 16, 1995. That presumption would result in plaintiff's complaint being filed at least 6 days late.

■ Finally, plaintiff contends that even if her complaint was not timely filed, the Court should exercise its "equitable tolling discretion ... to allow the filing of suit in this case by mail to be sufficient." Second Brief in Opposition to Defendant's Motion For Summary Judgment at 1–2. The Eighth Circuit has held that the ninety day limitation period of 42 U.S.C. § 2000e–5(f)(1) is not a jurisdictional prerequisite and is therefore subject to equitable tolling in appropriate circumstances. *Hill,* 869 F.2d at 1124. "Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff," *Hill,* 869 F.2d at 1124, "or for conduct of the defendant that lulled the plaintiff into inaction." *Niccolai v. U.S. Bureau of Prisons, Director,* 4 F.3d 691, 693 (8th Cir.1993); *Heideman v. PFL, Inc.,* 904 F.2d 1262, 1265 (8th Cir.1990).

Plaintiff has presented no evidence that the conduct of the defendants lulled her into inaction. Further, the Court finds there were no circumstances beyond the control of the plaintiff which prevented her from timely filing her complaint. She claims that although her complaint was ready to be signed on May 24, 1995, due to her personal schedule, she could not make it to her attorney's office until 5:00 p.m., May 25, 1995. Her inability to be available on the 89th or earlier on the 90th day of her limitations period does not constitute circumstances beyond her control. In addition, there was no legal requirement to use a verified complaint. The complaint to be signed by counsel was ready on May 24, 1995, and could have been filed on that day or certainly by May 25, 1995. Plaintiff could also have filed the complaint in the clerk's office in Rapid City, South Dakota and the clerk's office would have given the case a Central Division number. Even if venue would have been incorrect, such minor defect could easily have been cured. 28 U.S.C. § 1406(a). Plaintiff in any event al-

lowed her personal convenience to over-ride her legal affairs and compliance with the notice and law. Plaintiff presents no evidence to explain the long delay before May 25, 1995. The record shows no evidence that she was unable to prosecute her case in a timely manner during the limitations period. Under the facts and the law, this Court should not and will not extend the limitations period by even one day. *Mosel,* 789 F.2d at 253. *See Lucas v. Brown & Root, Inc.,* 736 F.2d 1202 (8th Cir.1984) (one day late); *Mills v. Des Arc Convalescent Home,* 872 F.2d 823 (8th Cir.1989) (2 days late).

Based upon the foregoing finding that plaintiff has failed to timely file her action, the Court will not address defendants' other basis for summary judgment.

### ORDER

Now, therefore,

IT IS ORDERED that defendants' motion for summary judgment is granted and plaintiff's complaint is dismissed with prejudice.