# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1837

_____

Curtis R. Doyle,       *
      *
        Appellant,       *
      *    Appeal from the United States
        v.       *    District Court for the
      *    Eastern District of Missouri.
Masonic Home of Missouri, other       *
Glenn Means, through their interim       *      [UNPUBLISHED]
executive director and president of the       *
board of directors,       *
      *
        Appellee.       *

_____

Submitted: July 17, 2002
Filed: July 22, 2002

_____

Before McMILLIAN, BOWMAN, and FAGG, Circuit Judges.

_____

PER CURIAM.

     Curtis R. Doyle appeals the District Court's[1] dismissal of his employment-discrimination action based on Doyle's failure to file his complaint within ninety days after the Equal Employment Opportunity Commission (EEOC) gave notice of his

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

right to sue.  See 42 U.S.C. § 2000e-5(f)(1) (1994).  Having carefully reviewed the record, see Trimble v. Asarco, Inc., 232 F.3d 946, 955-56 (8th Cir. 2000), we affirm.

Doyle claimed that his action was timely, because mail-delivery problems prevented him from receiving the EEOC's May 2000 right-to-sue letter until June 2001, when an EEOC employee handed it to him.  See Hill v. John Chezik Imports, 869 F.2d 1122, 1124 & n.2 (8th Cir. 1989) (holding that the Title VII 90-day limitation period is subject to equitable tolling in certain circumstances).  We agree with the District Court that Doyle provided no valid basis for equitable tolling.  Among other reasons, Doyle does not dispute that he received the EEOC's October 2000 letter stating that his Missouri Commission on Human Rights charge was being dismissed as duplicative of his EEOC charge and that an EEOC right-to-sue letter had been issued in May.  Thus, he had notice well before June 2001 that the EEOC had issued its right-to-sue letter in May 2000, yet he waited until September 2001 to file his complaint.  Cf. Cook v. Providence Hosp., 820 F.2d 176, 177-80 (6th Cir. 1987) (holding that there was no basis for equitable tolling because the plaintiff testified that she never received May 1983 right-to-sue notice, but she admitted being told in June 1984 that notice had been issued and she waited until October 1985 before filing suit).

Accordingly, we affirm.  See 8th Cir. 47B.

A true copy.

Attest:

CLERK,  U.S.  COURT  OF  APPEALS,  EIGHTH  CIRCUIT.