**Debra K. SCOGGINS, Plaintiff,**

v.

**HILLCREST FOODS, INC., Defendant.**

**No. CIV.1:03 CV 00548.**

United States District Court,
M.D. North Carolina.

Sept. 16, 2004.

Roman C. Pibl, Kluttz Reamer Blankenship Hayes & Randolph, L.L.P., Salisbury, NC, for Plaintiff.

Lucretia D. Guia, John Edward Pueschel, Haynsworth Baldwin Johnson & Greaves, LLC, Greensboro, NC, for Defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Plaintiff Debra Scoggins filed this employment discrimination action against Hillcrest Foods, Inc. (hereinafter "Hillcrest"), on June 16, 2003, alleging two violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*: discriminatory discharge based on Plaintiff's HIV-positive status and discriminatory refusal to rehire Plaintiff because she is infected with HIV.[1] Before the court is Hillcrest's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because Plaintiff's complaint is untimely under the applicable statutory period, Hillcrest's motion for summary judgment will be granted.

### FACTS

Hillcrest Foods, Inc., owns and operates forty-five Waffle House restaurants. Plaintiff worked part-time for Hillcrest as a cook and waitress, primarily at the Concord, North Carolina, Waffle House, but also at other area locations on an as-needed basis. Plaintiff's employment at Hillcrest, which began in 1991, was subject to frequent interruptions when Plaintiff would quit, often without notice, and then return after a brief interval to seek re-employment. Plaintiff voluntarily quit or failed to appear for a scheduled shift approximately eight times between May 21, 1999, and November 5, 2001.

After Plaintiff quit in 2001, Tammy Barnhardt, Hillcrest's district manager for several Waffle House restaurants, including those at which Plaintiff had worked, deemed Plaintiff unreliable and insubordinate and ordered the managers of each restaurant in her district not to rehire her. Plaintiff repeatedly sought re-employment at Waffle House restaurants managed under the supervision of Barnhardt. Barnhardt, or the local restaurant managers acting pursuant to her orders, rejected each of Plaintiff's applications. Plaintiff last worked for Hillcrest on January 10, 2002, when, unbeknownst to Barnhardt, she was hired to provide emergency fill-in coverage for a single day at one of Hillcrest's restaurants.

On January 18, 2002, eight days after Plaintiff's last day of employment at Hillcrest, Plaintiff was diagnosed with HIV. Plaintiff continued to seek re-employment at Hillcrest-owned restaurants after diagnosis of the infection and Barnhardt continued to refuse to hire her.

---

1. Plaintiff subsequently dropped all claims related to events occurring prior to January 2002, including her discharge, after documents in the record established that Plaintiff was not diagnosed with HIV until January 18, 2002, eight days after her last day of work at a Hillcrest restaurant. (*See* Pl.'s Mem. Opp'n Def.'s Mot. Summ. J. at 2.)

On May 28, 2002, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), claiming that Hillcrest fired her in September 2001 because she was HIV-positive. The EEOC charge also claimed that Hillcrest refused to re-hire Plaintiff on numerous occasions between September 2001 and May 2002 because she was infected with HIV. The EEOC investigated the claims and, after Plaintiff failed to provide information necessary to the investigation, mailed a right-to-sue letter to her on February 19, 2003.

At some point between filing the EEOC charge and the issuance of the right-to-sue letter, Plaintiff moved to a new residence. Plaintiff failed to inform the EEOC of her new address, and the right-to-sue letter was sent to the address on file with the EEOC. Plaintiff initially testified at her deposition in response to a question from Defendant's attorney that the EEOC letter was forwarded to her new address, where she received it within a few days of February 19, 2003. Plaintiff also testified that she regularly received forwarded mail at her new address within a few days of its being sent. Then, after a break in the deposition, Plaintiff returned and testified in response to a question from her attorney that she did not receive the right-to-sue letter until March 18, 2003, exactly ninety days before this suit was filed.

## DISCUSSION

Summary judgment must be granted when the pleadings, depositions, responses to discovery, and other evidence in the record show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c). The moving party bears the burden of persuasion on all relevant issues. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. *See* Federal Rule of Civil Procedure 56(e); *see also Cray Communications, Inc. v. Novatel Computer Sys., Inc.,* 33 F.3d 390, 393–94 (4th Cir.1994) (moving party on summary judgment may simply argue the absence of evidence by which the non-moving party can prove her case). The non-moving party may survive a motion for summary judgment by producing "evidence from which a [fact finder] might return a verdict in his [or her] favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Summary judgment is proper only when there are no genuine issues presented for trial and the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In considering the evidence, all reasonable inferences must be drawn in favor of the non-moving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. However, "the mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the [fact finder] could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. 2505.

■ A plaintiff bringing suit under the ADA must file a complaint within ninety days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). Determination of the date of receipt, therefore, is "critical in determining the commencement of the 90–day period." *Nguyen v. Inova Alexandria Hosp.,* 1999 WL 556446, at 3 (4th Cir.1999), 1999 U.S.App. LEXIS 17978, at *3. When the actual date of receipt is established by the evidence, that date is used to determine

the start of the ninety-day period. *Dixon v. Digital Equip. Corp.*, 1992 WL 245867, at *1 (4th Cir.1992), 1992 U.S.App. LEXIS 24923, at *1. Where, as here, the actual date of Plaintiff's receipt of the right-to-sue letter is unknown or in dispute,[2] the court will presume receipt three days after mailing by the EEOC. Federal Rule of Civil Procedure 6(e); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148, 104 S.Ct. 1723, 80 L.Ed.2d 196, n. 1 (1984); *Nguyen*, 1999 WL 556446, at *3, 1999 U.S.App. LEXIS 17978, at *9. Applying the three-day presumption, Plaintiff received the right-to-sue letter from the EEOC on February 22, 2003. The ninety-day filing period commenced on that day and ended May 23, 2003. Plaintiff filed her complaint with this court on June 16, 2003, twenty-four days after the expiration of the ninety-day period. Plaintiff's untimely complaint must be dismissed as a matter of law, unless reasonable grounds exist for an equitable tolling of the filing period. *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987).

 The Fourth Circuit has adopted a "flexible rule which requires a case-by-case examination of the facts to determine if an equitable tolling of the filing period is appropriate." *Id.* at 654. The remedy of equitable tolling, however, has been "generally reserved . . . for circumstances beyond the control of the plaintiff." *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir.1989) (citing *Baldwin County Welcome Center*). Here, no such circumstances exist. After filing her complaint with the EEOC, Plaintiff moved to a new residence and failed to inform the EEOC of her new address. Plaintiff's failure to provide the EEOC with a current mailing address is not a sufficient basis on which to apply the remedy of equitable tolling. *See St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1316–17 (7th Cir.1984); *Hill*, 869 F.2d at 1124; *Anyanwu v. NCH Corp.*, 1998 WL 920327, at *4 (N.D.Tex.1998), 1998 U.S. Dist. LEXIS 20676, at *10 (each holding that the ninety-day period begins on the date the right-to-sue letter is received at the most recent address provided to the EEOC and failure by the plaintiff to inform the EEOC of a current address precludes equitable tolling of the statutory period). Thus, Plaintiff's complaint is untimely and must be dismissed as a matter of law.

## CONCLUSION

Plaintiff failed to file her complaint within ninety days of receipt of the EEOC right-to-sue letter and no reasonable grounds exist for an equitable tolling of the statutory period. Therefore, for the reasons set forth in this opinion, the court will grant Hillcrest's motion for summary judgment.

An order and judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.

---

2. In her sworn deposition testimony, Plaintiff initially stated that she received the right-to-sue letter from the EEOC within a few days of its mailing on February 19, 2003. Later in the same deposition, Plaintiff stated that she received the letter on March 18, 2003, and that she had an envelope bearing a postmark to prove that date of receipt. Plaintiff did not produce that envelope or offer any other evidence indicating the date on which she received the right-to-sue letter from the EEOC. "By not submitting the envelope as evidence, [Plaintiff] has placed the issue of notice in dispute." *Nguyen v. Inova Alexandria Hosp.*, 1999 WL 556446, at *3 n. 3 (4th Cir.1999), 1999 U.S.App. LEXIS 17978, at *10 n. 3.