**Llewellyn DUNBAR, Plaintiff,**

v.

**FOOD LION, Defendant.**

**Civil Action No. 1:06–519–JRM.**

United States District Court, D. South Carolina.

March 19, 2008.

Llewellyn Dunbar, pro se.

Christine A. Samsel, Heidi L. Gunst, Akin Gump Strauss Hauer & Feld, LLP, Washington, DC, Shahin Vafai, Gignilliat, Savitz & Bettis, LLP, Columbia, SC, for Defendant.

## ORDER

JOSEPH R. McCROREY, United States Magistrate Judge.

Pro se plaintiff, Llewellyn Dunbar ("Dunbar"), filed his complaint on February 21, 2006, alleging that his former employer, Food Lion, terminated him because of his race in violation of Title VII.[1] He also alleges that the termination breached a contract between him and Food Lion and that the breach was accompanied by a fraudulent act. Food Lion filed a motion for summary judgment on March 3, 2007, supported by a copy of the transcript of Dunbar's deposition and a declaration of Felicia Eagle, Human Resources/EEO Manager of Food Lion, LLC. Because Dunbar is pro se, an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975) advising him of his responsibility to respond to the motion for summary judgment was filed on March 6, 2007. When Dunbar failed to respond, a second order was addressed to him giving him 15 days to advise the court whether or not he wished to continue to pursue his case.

The court received a response from Dunbar on July 5, 2007, indicating that he wished to proceed, but he provided no response to the arguments contained in Food Lion's motion for summary judgment.

### Standard for Summary Judgment

A party's failure to respond does not automatically entitle the moving party to summary judgment. As the Fourth Circuit stated in *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.1993), failure to respond, however, does not fulfill the burdens imposed on moving parties by Rule 56. Section (c) of Rule 56 requires that the moving party establish, in addition to the absence of a dispute over any material fact, that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitled the party to "a judgment as a matter of law." The failure to respond does not automatically accomplish this. Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.

Under this standard, the court is required to conduct an independent examination of the record to ascertain the existence, or absence, of genuine issues of material facts. *Campbell v. Hewitt, Coleman & Assoc., Inc.*, 21 F.3d 52 (4th Cir. 1994). In this regard, the court must review the "record of filed depositions, answers to interrogatories, admissions, and

---

1. Pretrial matters in this case were automatically referred to the undersigned pursuant to 28 U.S.C. § 636 and Local rule 73.02(B)(2)(e) and (g). Based on consent of the parties, this case was referred to the undersigned for final resolution by order of the Honorable R. Bryan Harwell, United States District Judge, filed November 8, 2006.

affidavits" to determine whether there are material facts in dispute. *Id.* at 55–56. The moving party may discharge its duty by producing uncontroverted evidence and by arguing that there "is an absence of evidence by which the nonmovant can prove his case." *Cray Communications, Inc. v. Novatel Computer Sys., Inc.,* 33 F.3d 390, 393–94 (4th Cir.1994), (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2720, at 10 (2d ed. Supp. 1994)), *cert. denied,* 513 U.S. 1191, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995).

### Facts

1. Dunbar is African–American.

2. Dunbar began working as a meat-cutter at Food Lion store no. 245 in Aiken, South Carolina in 1999.

3. In 2002, Dunbar became the "Market Manager" of the meat department.

4. An ice storm hit Aiken in early 2004 causing a four-day power outage at the store resulting in an $80,000 loss of produce in the meat market.

5. Dunbar's store manager and another store manager in Aiken were terminated or permitted to resign because of losses from the ice storm. Both were white.

6. Keith Ladun ("Ladun") became store manager in January 2004. He is white.

7. In May 2004, a meat-cutter supervised by Dunbar quit leaving Dunbar as the only regular meat-cutter in the store.

8. Dunbar was scheduled to be off for the weekend of May 15 and 16, 2004. Ladun advised Dunbar that he was responsible to provide coverage for the meat department .for the weekend.

9. Craig Wacker ("Wacker"), a part-time meat-cutter, was scheduled to work for the weekend.

10. Dunbar could not find a meat-cutter from another store to work for the weekend.

11. Dunbar chose not to work and Wacker was forced to work the entire weekend with no help.

12. Luden terminated Dunbar when he returned on May 17, 2004. The discharge notice stated that Dunbar "did not have coverage for dept., knowing that the Meat Cutter quit. Since [Dunbar] failed to cover his department this created excess shrink and loss of sales, and put an unqualified associate in the dept. creating a change for injury." (Pl. Dep., Ex. 22).

13. Food Lion hired Edward Brown ("Brown"), an African–American to replace Dunbar. (Eagle Aff., ¶ 3).

14. On February 28, 2005, Dunbar filed a charge of discrimination. (Pl. Dep., Ex. 9).

15. The EEOC mailed Dunbar a right to sue letter on November 14, 2005. (Pl. Dep., Ex. 11).

16. Dunbar received the right to sue letter within three or four days of the mailing. (Pl. Dep., p. 30).

17. Dunbar filed this action on February 21, 2006.

### Discussion

A. Race Claim

Dunbar asserts that he was terminated by Food Lion because of his race. Food Lion argues that Dunbar failed to timely file his case, and even if it were timely filed, he cannot establish a prima facie case of race discrimination. Dunbar has not responded to Food Lion's arguments.

1. Procedural Bar

A Title VII plaintiff must file his judicial complaint "within ninety days after the giving of ... notice" by the right to sue letter. 42 U.S.C. § 2000e–5(f)(1). The ninety day period begins to run with the receipt of the notice. *Shehadeh v. Chesapeake and Potomac Telephone Co. of Maryland,* 595 F.2d 711 (D.C.Cir.1978). When the actual date of plaintiff's receipt

of notice is unknown or in dispute, the court presumes receipt three days after mailing. *Scoggins v. Hillcrest Foods, Inc.,* 339 F.Supp.2d 702 (M.D.N.C.2004).

In the present case, Dunbar testified that he received the letter within three or four days of mailing on November 14, 2005. Assuming four days for delivery, receipt occurred on November 18, 2005. Dunbar filed his case on February 21, 2006, ninety-five days after receipt under his testimony. The filing violated the statute, and Dunbar has suggested no reason to justify the delay.

### 2. Prima Facie Case

■ Plaintiff alleges that he was discharged from his position as Market Manager, due to his race in violation of 42 U.S.C. § 2000e–2(a). That statute provides:

> It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . . .

This is a disparate treatment case and plaintiff must prove that "but for" his race, he would not have been terminated. *Holmes v. Bevilacqua,* 794 F.2d 142 (4th Cir.1986). Plaintiff can prove defendant's motive to discriminate by two methods. First, the "plaintiff may meet this burden under the ordinary standards of proof by direct and indirect evidence relevant to and sufficiently probative of the issue.[2] In the alternative, a plaintiff may resort to the judicially created scheme established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101

S.Ct. 1089, 67 L.Ed.2d 207 (1981)." *EEOC v. Clay Printing Company,* 955 F.2d 936 (4th Cir.1992).

To overcome a motion for summary judgment, under the ordinary standards of proof, plaintiff is required to "produce direct evidence of a stated purpose to discriminate on the basis of race and/or circumstantial evidence of a stated purpose to discriminate of sufficient probative force to reflect a genuine issue of material fact." *Goldberg v. B. Green and Co., Inc.,* 836 F.2d 845 (4th Cir.1988). In the absence of direct or indirect proof plaintiff can employ the *McDonnell Douglas* scheme to establish a prima facie case of discrimination by offering proof that:

(1) he is a member of a protected class;

(2) he was discharged;

(3) he was satisfactorily performing his duties at the time of his discharge; and

(4) after his discharge he was replaced by someone outside the protected class.

*EEOC v. Clay Printing Co.,* at 941.

If a plaintiff establishes a prima facie case, a rebuttable presumption is created that the discharge was due to unlawful discrimination. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 504, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The defendant must then come forward with a legitimate non-discriminatory explanation for its action. When the defendant does so, the presumption of discrimination evaporates, and plaintiff must prove that the defendants' proffered reason is pretextual and that the discharge was due to unlawful discrimination. *Id.*

Dunbar has not established a prima facie case of discrimination based on his race. The only evidence in the record is that Dunbar was replaced by an African–American.

---

**2.** The record contains no direct evidence of defendant's intent to discriminate.

### B. Contract Claims

Dunbar alleges that his termination breached a contract between him and Food Lion and that such breach was accompanied by a fraudulent act. The record contains no evidence of a contract between Dunbar and Food Lion. During his deposition, Dunbar disavowed the existence of a contract. (Pl. Dep. 95). Thus, his contract claims must fail.

### *Conclusion*

After reviewing the record, the undersigned concludes that plaintiff has not produced evidence of race discrimination or of a contract between him and defendant. It is, therefore, ordered that defendant's motion for summary judgment is granted.

AND IT IS SO ORDERED.