[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13255
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 30, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00167-CV-HL-7

SHERRY ROBINSON,

Plaintiff-Appellant,

versus

ED SCHAFER,
Secretary of the United States Department of
Agriculture,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 30, 2008)

Before ANDERSON, CARNES, and MARCUS, Circuit Judges.

PER CURIAM:

Sherry Robinson, proceeding pro se, appeals the Fed. R. Civ. P. 12(b)(6) dismissal of her civil complaint based upon the district court's finding that her Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., claim was time-barred.   Robinson argues that the court should have applied equitable tolling to her claim because she has not sat "idly by" but rather has pursued a remedy through the United States Department of Agriculture ("USDA")'s administrative processes for many years.

We review de novo a district court's ruling on a Rule 12(b)(6) motion.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted); see also Fed. R. Civ. P. 10(c).  Because a statute-of-limitations bar is an affirmative defense, a plaintiff is not required to negate it in her complaint.  La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Therefore, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred."  Id.  (citations omitted).

That is apparent from the face of the complaint in this case.   The relevant

section of the ECOA makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). A later ECOA section notes that no action "shall be brought later than two years from the date of the occurrence of the [§ 1691(a)(1)] violation" unless at least one of two exceptions apply. Id. § 1691e(f). Neither applies here. Robinson's complaint did not allege any discriminatory acts by the USDA within the two-year statute of limitations period. Although she filed her complaint in October 2007, the most recent violation that she alleged occurred in 2001. Robinson acknowledges in her brief that she failed to comply with the statute-of-limitations requirements.

Under the doctrine of equitable tolling, "plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998). The Supreme Court has stated that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." Wallace v. Kato, 549 U.S. 384, 127 S. Ct. 1091, 1100 (2007). It is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with

diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). "Because the time limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity, it is evident that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 458 (1990).

Robinson has the burden of establishing that she is entitled to equitable tolling. See Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). Pro se status, ignorance of the law, and administrative processes that "are too slow or involve too much delay" do not warrant equitable tolling. Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997). Furthermore, the liberal construction given to pro se pleadings "does not mean liberal deadlines." Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003).

While we have not yet considered whether the doctrine of equitable tolling applies to ECOA claims, the well-established rule is that, absent congressional intent to the contrary, equitable tolling principles should be read into every federal statute of limitations. United States v. Johnson, 541 F.3d 1064, 1067 (11th Cir. 2008); see also Irwin, 498 U.S. at 95, 111 S. Ct. at 457 (applying equitable tolling

4

to Title VII claims); Ellis, 160 F.3d at 708 (applying equitable tolling to Truth in Lending Act claims). Applying that rule to ECOA claims would not, however, help Robinson. See, e.g., Ramsdell v. Bowles, 64 F.3d 5, 9 (1st Cir. 1995) (denying equitable tolling as unwarranted but noting that it "may be available in a proper case"). She has not carried her burden of showing that this is one of those unusual cases where the "rare remedy" of equitable tolling is warranted. See Wallace, 127 S. Ct. at 1100.

Robinson has not carried her burden, either through the allegations in her complaint or even through arguments in her briefs, of asserting any circumstances that would justify equitable tolling. See Drew, 297 F.3d at 1286. Her complaint recounts a series of loan and disaster-relief applications, refusals, and delays stretching from 1992 to 2001, and it even admits that the USDA appellate division suggested in 2000 that she sue in federal district court. Yet, she waited a full seven years before doing so. She offers no reason for this delay beyond an assertion that she was pursuing her remedy through the USDA's administrative processes. As we have recognized before, however, slow or delayed administrative processes do not justify the rare remedy of equitable tolling. Wakefield, 131 F.3d at 970.

Because it is apparent from the face of the complaint that Robinson's claim was time-barred and she has failed to meet her burden of establishing any

5

extraordinary circumstances justifying the application of equitable tolling, the district court did not err when it dismissed her complaint.

**AFFIRMED.**