**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2009

No. 08-50180
Summary Calendar

Charles R. Fulbruge III
Clerk

TERRY L URBINA,

Plaintiff-Appellant

v.

UNITED PARCEL SERVICE INC,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-888

Before REAVLEY, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:[*]

Terry L. Urbina appeals following the dismissal of her civil rights complaint against her employer claiming race and gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Equal Pay Act, 29 U.S.C. § 206(d). The district court held that the complaint was untimely, alleged claims that were unexhausted, and failed to state an Equal Pay Act claim. Affording liberal construction to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Urbina's pleadings and appellate brief, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S. Ct. 594, 596 (1972), we AFFIRM for the following reasons:

1. Urbina failed to show that she perfected service of process on a managing or general agent or other person authorized to accept service of process. *See* FED. R. CIV. P. 4(h). Because the default judgment was not willful and there was no showing of prejudice to Urbina, the district court did not abuse its discretion by setting aside the default. *See United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

2. It is undisputed that Urbina filed her complaint 92 days after receiving the EEOC's right to sue notice. Urbina's argument that the 90-day period for filing her complaint was tolled because of two intervening federal holidays is without merit. The requirement to file a lawsuit within the 90-day period is strictly construed and is akin to a statute of limitations. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985).

3. On appeal, Urbina asserts only conclusory claims of discrimination. She fails to address the district court's reasoning that her complaint was unexhausted because it went beyond the charges made to the EEOC and that she failed to state a claim under the Equal Pay Act. Those issues are therefore abandoned due to inadequate briefing. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.