# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60259

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2017

Lyle W. Cayce
Clerk

MICHAEL C. ANDERSON,

     Plaintiff - Appellant

v.

JACKSON STATE UNIVERSITY,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-326

Before JOLLY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:*

Michael C. Anderson filed suit in state court against his former employer, Jackson State University ("JSU"), alleging that it discriminated and retaliated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* JSU removed the case to federal court and promptly moved to dismiss the case on the grounds that it was entitled to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60259

sovereign immunity from this suit under the Eleventh Amendment.   The district court agreed and dismissed Anderson's claims with prejudice.

Anderson argues, for the first time on appeal, that JSU is not entitled to sovereign immunity because it waived its immunity by removing the case to federal court; in the alternative, he argues that the claims must be dismissed without prejudice, rather than with prejudice.

We hold that Anderson waived his "waiver" argument by failing to raise it below, and so affirm the district's court's dismissal of Anderson's claims on Eleventh Amendment grounds.   However, we also hold that the district court erred by dismissing Anderson's claims "with prejudice" rather than "without prejudice," and so vacate the district court's judgment in part and remand this case for the limited purpose of dismissing the case without prejudice.

I.

Michael Anderson was employed at JSU, a public university in Jackson, Mississippi.   He alleged that after he suffered a stroke and became disabled, he was discriminated and retaliated against on account of his disability and eventually terminated.

Anderson filed suit in state court in Mississippi, alleging employment discrimination and retaliation under the ADA, as well as a state law claim for breach of contract.   JSU removed the case to federal court on the basis of federal question jurisdiction.   JSU then moved for judgment on the pleadings on the grounds that it was entitled to sovereign immunity under the Eleventh Amendment.   The district court agreed, relying on *Board of Trustees of the University of Alabama v. Garrett,* 531 U.S. 356, 360 (2001), which squarely held that suits for employment discrimination under Title I of the ADA brought against state entities are barred by the Eleventh Amendment.   The court

2

No. 16-60259

granted JSU's motion and dismissed Anderson's ADA claims with prejudice.[1] Anderson timely appealed.

## II.

"We review de novo a grant of judgment on the pleadings under Federal Rule of Civil Procedure 12(c)." *United States v. 0.073 acres of land, more or less, situate in Pars. of Orleans & Jefferson*, 705 F.3d 540, 543 (5th Cir. 2013). "The nonmovant must plead enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting in part *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). Further, "[w]hether a state is entitled to Eleventh Amendment immunity is a question of law that this court reviews de novo." *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001).

## III.

### A.

Anderson argues, for the first time on appeal, that JSU waived its Eleventh Amendment immunity by removing this case from the state court where it was originally filed to federal court.

This court has, indeed, squarely held that where, as here, a state "removed this case to federal court it voluntarily invoked the jurisdiction of the federal courts and waived its immunity from suit in federal court." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir. 2005). But Anderson failed to raise this argument below, and so he has forfeited any argument that JSU voluntarily waived its immunity from suit in federal court. In other words, he waived his "waiver" argument.

---

[1] The district court also dismissed Anderson's state law breach-of-contract claim. Anderson does not appeal the dismissal of that claim.

No. 16-60259

"The general rule of this court is that arguments not raised before the district court are waived and will not be considered on appeal." *Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010). Anderson argues that because his argument concerns subject matter jurisdiction, he may raise it for the first time on appeal. But that is not an accurate statement. Instead, "[a] *lack* of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal." *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012) (emphasis added); *accord* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it *lacks* subject-matter jurisdiction, the court must dismiss the action." (emphasis added)). Anderson does not challenge subject matter jurisdiction; he seeks to defend it. And he waived any arguments in defense of subject matter jurisdiction by failing to raise them below, just as other legal arguments not properly raised in the district court.

This court has, on at least two occasions, addressed nearly identical fact patterns, and on both occasions it found that the plaintiffs waived their argument that the defendant consented to subject matter jurisdiction by failing to raise it before the district court. *See Martinez v. Tex. Dep't of Criminal Justice*, 300 F.3d 567, 573–75 (5th Cir. 2002) (holding that a plaintiff waived an argument that the defendant voluntarily waived its Eleventh Amendment immunity by removing the case from state to federal court by failing to raise it before the district court, even though an intervening Supreme Court decision clarified the law in the plaintiff's favor); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 331–32 (5th Cir. 2002) (refusing to consider an argument that a defendant "waived its sovereign immunity by removing this case to federal district court" because the plaintiff "raised the removal-by-waiver argument for the first time on appeal" and noting that "[Plaintiff's] claim that [Defendant] waived its sovereign immunity has itself been waived"); *accord*

4

No. 16-60259

*R.I. Dep't of Envtl. Mgmt. v. United States*, 304 F.3d 31, 50 (1st Cir. 2002) ("Claims of waiver of immunity are like any other legal argument and may themselves be waived or forfeited if not seasonably asserted.").

Here, as in *Martinez* and *Perez*, there are no exceptional circumstances excusing Anderson's failure to raise his argument below. And those cases foreclose any argument that he may raise such an argument for the first time on appeal even though he failed to raise it in the district court. Accordingly, we hold that the district court did not err by dismissing Anderson's claims on the grounds that JSU was entitled to immunity from suit under the Eleventh Amendment.[2]

## B.

However, the district court did err by dismissing Anderson's claims *with* prejudice. The dismissal was based on the grounds that JSU was entitled to Eleventh Amendment immunity, and so should have been *without* prejudice. *See United States v. Tex. Tech Univ.*, 171 F.3d 279, 286 n.9 (5th Cir. 1999) ("Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." (quoting *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996))); *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985) ("A dismissal for want of jurisdiction bars access to federal courts and is *res judicata* only of the lack of a federal court's

---

[2] We therefore need not address JSU's alternative argument that it is also entitled to immunity from liability under Mississippi law. *See Meyers*, 410 F.3d at 252–53 (distinguishing between two types of "immunity" that courts routinely refer to as "sovereign immunity"—"immunity from suit" and "immunity from liability").

No. 16-60259

power to act. It is otherwise without prejudice to the plaintiff's claims, and the rejected suitor may reassert his claim in any competent court.").[3]

We therefore vacate the district court's judgment and remand this case for the limited purpose of entering a judgment dismissing Anderson's ADA claims without prejudice. Although the parties did not address the issue, we leave to the district court to decide whether the proper course is to fully dismiss the claims without prejudice or instead remand the claims to the state court in which they originated. *Cf.* 13 Charles Alan Wright et al., Federal Practice and Procedure § 3524 (3d ed. 2016) ("In removal cases, a federal court will remand the case to the state court from which it was removed if the court determines that the Eleventh Amendment prevents the court from exercising subject matter jurisdiction.").

IV.

In sum, we hold that the district court did not err in dismissing Anderson's ADA claims on the grounds that JSU was entitled to Eleventh Amendment immunity. We further hold, however, that the dismissal should have been entered without prejudice. The district court's judgment is therefore AFFIRMED IN PART, VACATED IN PART, and the case is REMANDED for further proceedings not inconsistent with this opinion.

---

[3] Relying on non-binding caselaw, JSU argues that this court should nonetheless affirm the dismissal with prejudice because any further attempt to pursue the case would be futile. However, because the district court held only that JSU was immune from suit in federal court, and because we decline to address the issue of whether JSU is immune from liability under Mississippi law, *cf. Meyers*, 410 F.3d at 252–53, it would not necessarily be futile for Anderson to pursue his claims in Mississippi state court.