# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-30776

————

WILFRED JONES,

Plaintiff–Appellant,

v.

UNITED STATES OF AMERICA,

Defendant–Appellee.

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Louisiana

Before KING, SMITH, and WILLETT, Circuit Judges.

DON R. WILLETT, Circuit Judge:

Wilfred Jones fell while making his duty rounds aboard the M/V CAPE KNOX, injuring his arm. He alleges that grease on the deck caused him to slip. He sued the ship's owner—the United States—for negligence under the Jones Act and unseaworthiness under general maritime law. The district court granted summary judgment against Jones because he had no evidence that grease caused his fall.

On appeal, causation evidence remains scant. The Jones Act causation standard is lower than at common law. But it still requires some evidence. Plus, the district court had more than the usual summary-judgment discretion since this would be a bench trial. We AFFIRM the judgment.

No. 18-30776

I

Jones was an engineer aboard the CAPE KNOX. The United States owns the CAPE KNOX, and Keystone Shipping Company operates it. While making his rounds as duty officer, Jones entered the emergency diesel generator room. As he lifted his left foot over the hatch's nine-inch threshold, his right foot slipped. He fell against the carbon dioxide bottles inside the emergency diesel generator room. He did not see what caused him to slip. It was after dark, but Jones had a flashlight with him. He did not see grease on the deck or on his shoes at the time. In a "Report of Illness" the next day, Jones wrote "as I was completing duty round I lost balance and fell into the CO2 bottles in the EDG room causing me to fall on my right forearm."

At his deposition, Jones testified he believed he slipped on grease on the deck. The CAPE KNOX had cables above the weather decks that were greased regularly. That grease often dropped onto the deck. An overhang covers the deck outside the emergency diesel generator room, but grease can be tracked or spread across a deck. The deck outside the emergency diesel generator room had a nonskid coating. Jones admitted that it was only "some time after" his fall that he realized he had slipped on grease. He looked into the matter after realizing the seriousness of his injury.

Jones sued the United States and Keystone. He asserted a negligence claim under the Jones Act, 46 U.S.C. § 30104, via the Suits in Admiralty Act, 46 U.S.C. § 30903 (waiving sovereign immunity); an unseaworthiness claim under general maritime law; and a claim for maintenance and cure under general maritime law. The district court granted summary judgment to the United States, and Jones appealed. On appeal he argues only the negligence and unseaworthiness claims.

No. 18-30776

## II

The summary-judgment standard marks our course. The everyday standard is familiar but applies uniquely in bench-trial cases. So we lay it out from harbor to anchorage.

## A

"We review grants of summary judgment *de novo*."[1] Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "[A] party seeking summary judgment always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact."[3] Once the moving party does so, the nonmoving party must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial."[4] An issue is "genuine" if "the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party."[5] "A non-movant will not avoid summary judgment by presenting 'speculation, improbable inferences, or unsubstantiated assertions.'"[6] "Rule 56 'mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"[7]

Under 46 U.S.C. § 30903(b), an admiralty action against the United States as shipowner must be tried to the court. We have held that "[i]n a non-

---

[1] *Cal-Dive Int'l, Inc. v. Seabright Ins. Co.*, 627 F.3d 110, 113 (5th Cir. 2010).

[2] FED. R. CIV. P. 56(a).

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

[4] *Id.* at 324 (internal quotation marks omitted).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[6] *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) (quoting *Likens v. Hartford Life & Accident Ins. Co.*, 688 F.3d 197, 202 (5th Cir. 2012)).

[7] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting *Celotex*, 477 U.S. at 322).

No. 18-30776

jury case, such as this one, 'a district court has somewhat greater discretion to consider what weight it will accord the evidence.'"[8] "When deciding a motion for summary judgment prior to a bench trial, the district court 'has the limited discretion to decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result.'"[9]

## B

Jones seeks to recover for his injuries based on employer negligence. Under 46 U.S.C. § 30104, "[a] seaman injured in the course of employment . . . may elect to bring a civil action at law . . . against the employer." Here Jones's employer, Keystone, acted as agent for the shipowner, the United States. So the United States is liable for Keystone's negligence.[10]

Some elements of Jones Act negligence follow the common law. In *Gautreaux v. Scurlock Marine, Inc.*, we recognized that the employer's duty of care "retains the usual and familiar definition of ordinary prudence."[11] But the Jones Act causation standard is lighter than at common law. "A seaman is entitled to recovery under the Jones Act . . . if his employer's negligence is the cause, in whole or in part, of his injury."[12] The plaintiff can show causation if "employer negligence played any part, even the slightest, in producing the injury."[13] This standard is identical to that of the Federal Employers' Liability Act, 45 U.S.C. § 51, so "FELA case law applies to Jones Act cases."[14]

---

[8] *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 676 (5th Cir. 2010) (quoting *In re Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991)).

[9] *Id.* (quoting *Placid Oil*, 932 F.2d at 398).

[10] *See Randle v. Crosby Tugs, L.L.C.*, 911 F.3d 280, 284 (5th Cir. 2018) (holding shipowner is liable for injuries inflicted by its agents).

[11] 107 F.3d 331, 335 (5th Cir. 1997) (en banc).

[12] *Id.*

[13] *Id.* (quoting *Ferguson v. Moore–McCormack Lines, Inc.*, 352 U.S. 521, 523 (1957)).

[14] *Beech v. Hercules Drilling Co.*, 691 F.3d 566, 570 (5th Cir. 2012).

No. 18-30776

Jones contends there was grease in many places on the ship's deck, and this was the most likely cause of his fall. He also contends that the district court prematurely decided witnesses' credibility and incorrectly burdened him with immediately investigating the accident. The United States responds that Jones has no evidence for the causation element of his claim. Jones did not see himself slip on grease or see grease on his shoes. And neither Jones nor any other witness saw grease outside the emergency diesel generator room.

We hold that Jones did not have enough causation evidence to survive summary judgment. "[S]peculation" cannot defeat summary judgment on a required element of the claim.[15] We of course follow the Supreme Court's instruction that "entirely circumstantial" evidence can prove a Jones Act claim.[16] But grease elsewhere on the ship's deck at various times is not "probative" circumstantial evidence that can withstand summary judgment.[17] If Jones returned to the hatch that night or the next morning and saw grease where he slipped, things might be different.[18] But Jones never saw grease in the spot where he slipped, even when he later investigated his fall. As we explained in *Huffman v. Union Pacific Railroad*, some evidence must complete "[t]he path from worker injury to employer liability."[19] Evidence that other parts of the ship were slippery at other times does not do so.[20]

---

[15] *Lawrence*, 808 F.3d at 673 (quoting *Likens*, 688 F.3d at 202).

[16] *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 508 (1957) (reinstating plaintiff's jury verdict in FELA case).

[17] *Huffman v. Union Pacific R.R.*, 675 F.3d 412, 425 (5th Cir. 2012) (granting judgment as a matter of law on causation element of FELA claim).

[18] *Cf. Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir. 1989) (affirming liability verdict based in part on testimony that deck was "slippery as ice").

[19] 675 F.3d at 426.

[20] *Cf. Jackson v. OMI Corp.*, 245 F.3d 525, 527 (5th Cir. 2001) (noting absence of evidence that "oil or other slippery substances were present in the area of the doorway").

No. 18-30776

The causation standard for Jones Act negligence is "slight[]," well below the common-law standard.[21] But it is not no standard at all. In *Huffman* we reversed a jury verdict because the employee only had evidence that his work could cause musculoskeletal disorders, not that it caused his particular injury (osteoarthritis).[22]

And most contrary decisions are distinguishable. The Supreme Court normally presumes that a jury should decide causation for Jones Act and FELA claims.[23] But, by statute, admiralty actions against the United States as shipowner are tried to the court.[24] And in bench-trial cases the district court has greater discretion to grant summary judgment. The judge may "decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result."[25] This resolves any remaining doubt about the sufficiency of Jones's summary-judgment evidence.

Jones's other arguments lack force. He says the district court prematurely decided credibility because it relied on the United States's affidavits about the CAPE KNOX's deck condition but not Jones's expert affidavit. But Jones's expert simply cited Jones's deposition for the fact that "there was grease and oil on the deck" and concluded this most likely caused Jones to slip. His opinion is conclusory on this point, and "unsubstantiated assertions" cannot defeat summary judgment.[26] Choosing not to rely on this evidence was not a credibility determination. Jones's argument that negligence

---

[21] *Gautreaux*, 107 F.3d at 335 (quoting *Ferguson*, 352 U.S. at 523).

[22] 675 F.3d at 426.

[23] *E.g.*, *Rogers*, 352 U.S. at 507–10 ("Congress . . . was particularly concerned that the issues whether there was employer fault and whether that fault played any part in the injury . . . should be decided by the jury whenever fair-minded men could reach these conclusions on the evidence.").

[24] 46 U.S.C. § 30903(b).

[25] *Johnson*, 597 F.3d at 676 (quoting *Placid Oil*, 932 F.2d at 398).

[26] *Lawrence*, 808 F.3d at 673 (quoting *Likens*, 688 F.3d at 202).

No. 18-30776

plaintiffs are not obligated to conduct a full immediate investigation also misses the mark. The district court did not fault Jones's investigation or lack thereof. It simply held that no summary-judgment evidence, however it might have been developed, reached the fact of whether Jones slipped on grease.

C

Jones also seeks to recover for unseaworthiness. "Unseaworthiness is a claim under general maritime law 'based on the vessel owner's duty to ensure that the vessel is reasonably fit to be at sea.'"[27] A deck slippery from grease may render a vessel unseaworthy.[28] To recover, Jones must also prove "a causal connection between his injury and the breach of duty that rendered the vessel unseaworthy."[29] "The standard of causation for unseaworthiness is a more demanding one [than the Jones Act] and requires proof of proximate cause."[30] "[P]roximate cause" means that "the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness."[31]

Jones alleges that grease on the deck made the CAPE KNOX unseaworthy. But to recover he must show that this condition caused his injury.[32] He did not show this under the lighter Jones Act standard and cannot do so here either.[33]

---

[27] *Beech*, 691 F.3d at 570 (quoting *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001)).

[28] *See, e.g.*, *Davis v. Hill Eng'g, Inc.*, 549 F.2d 314, 330 (5th Cir. 1977) (affirming finding that slippery deck breached duty of seaworthiness), *overruled on other grounds by Gautreaux*, 107 F.3d at 331.

[29] *Jackson*, 245 F.3d at 527.

[30] *Chisholm v. Sabine Towing & Transp. Co.*, 679 F.2d 60, 62 (5th Cir. 1982).

[31] *Brister v. A.W.I., Inc.*, 946 F.2d 350, 355 (5th Cir. 1991) (quoting *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1354 (5th Cir. 1988)).

[32] *See Jackson*, 245 F.3d at 527.

[33] *See Chisholm*, 679 F.2d at 62 (explaining that the unseaworthiness causation standard is "more demanding").

7

No. 18-30776

III

We AFFIRM the judgment.