# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 12, 2022
Lyle W. Cayce
Clerk

No. 21-11111

Onoyom Ukpong, Doctor,

*Plaintiff—Appellant*,

*versus*

International Leadership of Texas; Karen Marx, *individually and in her official capacity as Principal*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-218

Before Graves, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Onoyom Ukpong, Ph.D., was formerly employed as an art teacher at International Leadership of Texas Garland High School ("ILTexas"), an open-enrollment charter school in Texas. After receiving multiple letters of reprimand, ILTexas terminated Dr. Ukpong's employment. Dr. Ukpong

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11111

sued ILTexas and its principal, Karen Marx, alleging race and national-origin discrimination and seeking damages under (1) state tort law, (2) Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court granted summary judgment to both defendants on all claims on grounds of sovereign immunity and timeliness. We AFFIRM.

I

Dr. Ukpong, a black man, is a native of Nigeria. In August 2017, he applied for and obtained employment as a high-school art teacher at ILTexas. But after receiving several reprimand letters stemming from complaints of unprofessionalism toward his students, ILTexas terminated Dr. Ukpong's employment on December 22, 2017.

On February 14, 2018, Dr. Ukpong filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that ILTexas had discriminated against him on the basis of race and national origin in violation of Title VII. The EEOC did not take action on Dr. Ukpong's charge and issued to him a Notice of Right to Sue on July 6, 2018. The right-to-sue letter informed him of his right to file a Title VII suit within 90 days of his receipt of the EEOC notice.

Meanwhile, Dr. Ukpong also filed a discrimination complaint with the Texas Workforce Commission ("TWC"). The TWC issued to Dr. Ukpong a Notice of Complainant's Right to File Civil Action on October 10, 2018. The notice informed Dr. Ukpong of his right to bring a private civil action under the Texas Commission on Human Rights Act ("TCHRA") within 60 days of the notice.

On November 5, 2018, Dr. Ukpong sued pro se in Texas state court, alleging that ILTexas had discriminated and retaliated against him on the basis of race and national origin in violation of Title VII and 42 U.S.C. § 1981.

2

No. 21-11111

ILTexas removed the suit to the U.S. District Court for the Northern District of Texas.

After removal to federal court, Dr. Ukpong retained counsel and filed an amended complaint, seeking money damages. He added Defendant Karen Marx, both in her individual and official capacity as the principal at ILTexas. His amended complaint asserts three categories of claims against both defendants: (1) state-law tort claims for vicarious liability, negligence, negligent hiring, and intentional infliction of emotional distress; (2) claims under 42 U.S.C. § 1981 for race discrimination, hostile work environment, retaliation, and disparate treatment; and (3) claims under Title VII for race discrimination, harassment, disparate treatment, and hostile work environment. He did not, however, assert any claims under the TCHRA.

In October 2021, the district court granted summary judgment to both defendants on all claims. *Ukpong v. Int'l Leadership of Tex.*, No. 3:19-CV-00218-E, 2021 WL 4991077 (N.D. Tex. Oct. 27, 2021). First, the district court held that Dr. Ukpong's state-law claims were barred by sovereign immunity under Texas law because ILTexas is an open-enrollment charter school. *Id.* at *2. Second, it held that Dr. Ukpong's § 1981 claims were barred by sovereign immunity because § 1981 does not abrogate state sovereign immunity and Texas had not waived its immunity to damages under § 1981. *Id.* Third, the court held that Dr. Ukpong's Title VII claims were time-barred because he did not file suit within the 90-day limitations period after receiving his EEOC right-to-sue letter. *Id.* at *3.

Dr. Ukpong timely appealed.

II

"This court reviews a grant of summary judgment *de novo,* applying the same standards as the district court." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 323 (5th Cir. 2002) (citing *Daniels v. City of Arlington*, 246 F.3d

500, 502 (5th Cir. 2001)). "Summary judgment should be granted if there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law." *Id.* (citing FED. R. CIV. P. 56(c)). "A genuine issue of material fact exists when there is evidence sufficient for a rational trier of fact to find for the non-moving party." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Once the moving party has done so, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Instead, the non-movant "is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). "A non-movant will not avoid summary judgment by presenting 'speculation, improbable inferences, or unsubstantiated assertions.'" *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quoting *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015)).

## III

On appeal, we consider three of Dr. Ukpong's challenges to the district court's ruling, which correspond to the district court's grouping of his claims into three groups: state-law tort claims, § 1981 claims, and Title VII claims. We do not consider Dr. Ukpong's argument, raised for the first time on appeal, that the Texas Constitution permits him to sue the defendants notwithstanding their immunity. *See Celanese Corp. v. Martin K.*

No. 21-11111

*Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010) (observing the general rule that arguments not raised before the district court are forfeited).

A

Dr. Ukpong first argues that Defendants are not entitled to sovereign immunity against his state-law tort claims because, he contends, ILTexas is not an open-enrollment charter school, and, even if it were, open-enrollment charter schools are not entitled to sovereign immunity.

Dr. Ukpong's position, however, is incorrect on both counts. Taking the two points in reverse order, Texas law is clear that open-enrollment charter schools and their employees are generally entitled to immunity from suit and liability. *See* TEX. EDUC. CODE ANN. § 12.1056(a); *El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521, 526–30 (Tex. 2020). And as the district court noted, there is no genuine dispute that ILTexas is an open-enrollment charter school. In reaching its conclusion, the court properly relied on the declaration of Edward G. Conger, the district superintendent and chief executive officer of ILTexas's campuses in Texas, *see* FED. R. CIV. P. 56(c)(1) (declarations may support a summary-judgment motion), as well as the Texas Education Agency's website, which lists ILTexas as an open-enrollment charter school, *see Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (permitting judicial notice of agency website). Dr. Ukpong does not cite any record evidence to the contrary.

We therefore agree with the district court that the defendants are entitled to sovereign immunity on Dr. Ukpong's state-law tort claims. Because Texas has not waived its immunity for the types of tort claims Dr. Ukpong has asserted against the defendants, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021, we affirm the grant of summary judgment in the defendants' favor on these claims.

B

We reach a similar conclusion with respect to Dr. Ukpong's federal claims under 42 U.S.C. § 1981. The district court correctly noted that § 1981 does not abrogate state sovereign immunity. *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. Unit A June 1981). The court also correctly reasoned that, by removing Dr. Ukpong's case to federal court, Texas voluntarily consented to federal-court jurisdiction but not to damages, waiving its immunity to suit but not to liability. *See Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir. 2005). Because Texas has not agreed to damages liability under § 1981, the state retains its immunity against these claims.

On appeal, Dr. Ukpong does not contend that Texas waived its immunity, by removal or otherwise, and therefore he has abandoned any such challenge. *See Anderson v. Jackson State Univ.*, 675 F. App'x 461, 463 (5th Cir. 2017) (per curiam) (litigants can forfeit argument that state defendants waived immunity); *Perez*, 307 F.3d at 332 (same). We see no reason to disturb the district court's ruling.

C

Finally, Dr. Ukpong takes exception to the district court's ruling that his Title VII claims were untimely. Again, we disagree and affirm. "A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue letter from the EEOC." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citing 42 U.S.C. § 2000e-5(f); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988)). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.*

No. 21-11111

Here, Dr. Ukpong was issued an EEOC right-to-sue letter on July 6, 2018, but did not file suit until November 5, 2018, well outside the 90-day limitations period.

Dr. Ukpong resists this straightforward conclusion, arguing that the 90-day limitations period for his federal Title VII claims runs not from the date of the EEOC notice, as the statute provides, but from the date he received authorization from the TWC to bring a state-law claim under the TCHRA. But he cites no authority in support of his counterintuitive position. More importantly, we have previously held that EEOC right-to-sue letters are not interchangeable with TWC right-to-sue letters, acknowledging that "receipt of a TCHR[A] letter would *not* trigger the analogous EEOC ninety-day filing period." *Vielma v. Eureka Co.*, 218 F.3d 458, 466 (5th Cir. 2000) (emphasis in original). This is because, under the terms of the statute, the EEOC letter is "the exclusive mechanism for commencing the federal filing period." *Id.* (citing *Muth v. Cobro Corp.*, 895 F. Supp. 254, 256 (E.D. Mo. 1995)); *see* 42 U.S.C. § 2000e-5(f)(1).

Dr. Ukpong also argues, for the first time on appeal, that the lenient construction we typically afford to pro se pleadings should save his untimely filed complaint because, when he filed it in state court, he was proceeding pro se.[1] We decline to do so. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). "[T]he liberal construction given to *pro se* pleadings does not mean liberal deadlines." *Robinson v. Schafer*, 305 F. App'x 629, 630 (11th Cir. 2008) (per curiam) (internal quotation marks omitted).

---

[1] Although arguments not raised before the district court are forfeited, *see Celanese*, 620 F.3d at 531, we consider this argument to underscore the limits of this Court's liberal construction of pro se pleadings.

No. 21-11111

Here, a liberal construction of Dr. Ukpong's complaint cannot bring November 5, 2018, within 90 days of July 6, 2018. Indeed, we have consistently enforced Title VII's strict deadline even against pro se litigants. *E.g.*, *Taylor*, 296 F.3d at 380 (one day late); *Urbina v. United Parcel Serv. Inc.*, 335 F. App'x 418, 419 (5th Cir. 2009) (per curiam) (two days late).

## IV

In sum, Dr. Ukpong's state-law and § 1981 claims are barred by sovereign immunity because Texas has not consented to liability for the types of claims alleged here. Dr. Ukpong's remaining claims, under Title VII, are time-barred because he did not file suit within the 90-day limitations period.

The judgment of the district court is AFFIRMED.